UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY J. VOSSBERG M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00364-JRS-KMB ) |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**Order on Motion for Summary Judgment**

## I.   Introduction

This is a disability insurance dispute. Dr. Vossberg is a physiatrist—a pain doctor—who claims his speech disorder prevents him from using electronic transcription software to turn his dictated patient notes into electronic medical records. Vossberg sought benefits for partial disability under an insurance policy he held with the Northwestern Mutual Life Insurance Company. Northwestern refused to pay, and Vossberg brings this suit for breach of contract.[1] Northwestern argues that the use of electronic transcription software is not a "principal dut[y]" of Vossberg's job, as required to qualify for partial disability under the policy.

Now before the Court is Northwestern's Motion for Summary Judgment. (ECF No. 22.)

---

[1] Vossberg initially asserted a breach of good faith and fair dealing claim but has since abandoned it. (Pl.'s Resp. 3 n.1, ECF No. 29.)

## II. Legal Standard

The legal standard on summary judgment is well established:

> Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba* [*v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)] (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 [] (1986)). A theory "too divorced from the factual record" does not create a genuine issue of material fact. *Id.* at 721. "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020).

*Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021). The Court applies that standard here.

## III. Discussion

Under Vossberg's disability insurance policy, he is "partially disabled" when, *inter alia*, he "is unable to perform one or more but not all of the principal duties of the regular occupation." (Policy 9, ECF No. 24-4.) Both parties agree that one of Vossberg's "principal duties" as a physiatrist is to make medical records that document his interactions with patients. (Pl.'s Resp. 3, 9, ECF No. 29; Def.'s Reply 4, ECF No. 31.) That is the only duty in question here, so if Vossberg can still make medical records, he is not disabled.

Vossberg claims he can no longer make medical records because he is required to use electronic transcription software, (Pl.'s Resp. 13, ECF No. 29), and, because of his unusual speech patterns—diagnosed as dysarthria—electronic transcription software does work for him, (*id.* at 6–7). The software does not recognize what he is

saying and so does not produce accurate records from his dictated notes. (*Id.*) But using electronic transcription software is not required to be a physiatrist. Vossberg is working as a physiatrist now, in private practice, where he makes medical records as he always has: by dictating his patient notes into a tape recorder and having a human transcriptionist type them up. (Pl.'s Resp. 4, ECF No. 29; Vossberg Dep. 31, ECF No. 24-1.) He is in his "regular occupation" carrying out its "principal duties," so he is not disabled under the policy.

That conclusion holds even if Vossberg characterizes his "regular occupation" as "Medical Director" or as "physiatrist employed by a hospital." Vossberg claims that his long-time employer, Community Howard Specialty Hospital, forced him to switch from human transcription to electronic transcription of his patient notes. (Pl.'s Resp. 4, ECF No. 29.) But aside from Vossberg's inadmissible hearsay testimony, (Vossberg Dep. 37–39, ECF No. 24-1), there is no evidence that Community ever required electronic transcription software. Vossberg claimed that there are email records of such a requirement. (*Id.* at 42–43.) Those emails, if extant, are not in the record. Community attests that no such emails were found and that no such policy existed. (Linerode Aff., ECF No. 24-2.) Vossberg's hearsay testimony is not sufficient to create a genuine dispute of fact.[2] *Kirk v. Maassen*, No. 21-2852, 2022 WL 10225305, at *3 (7th Cir. Oct. 18, 2022) (citing *Anderson v. City of Rockford*, 932 F.3d 494, 509 (7th

---

[2] It is in any case undisputed that the Community Specialty location closed before Vossberg suffered any adverse effects from the purported electronic-transcription requirement. (Vossberg Dep. 95, ECF No. 24-1.) Because Vossberg dates his disability claim from the date of closure, (*id.* at 140–41), Community's electronic transcription requirement, if any, is only relevant as a sidelight on the question of whether Medical Directors as a general rule must make medical records using electronic transcription software.

3

Cir. 2019)). Furthermore, every employer to which Vossberg considered applying testifies that there was no requirement for him to use electronic transcription software.³ (Attinger Aff., ECF No. 24-7 (Aperion Care allows electronic medical records to be created by electronic transcription software, human transcription, or typing); Klim Aff., ECF No. 24-14 (Medical Pain & Spine Care allows electronic transcription software, human transcription, or typing); Linerode Aff., ECF No. 24-2 (Community Howard system, including Main and Specialty hospitals, allows electronic transcription software, human transcription, or typing); Marquis Decl., ECF No. 24-9 (VA system has no policy requiring electronic transcription software).) And to the extent that Vossberg believes that there is a widespread requirement for the use of electronic transcription software, his own testimony (aside from being hearsay insufficient to create a genuine dispute of fact, *Kirk*, 2022 WL 10225305, at \*3) does not support that belief. Vossberg testified of the VA Hospital, for example, that it "required use of electronic transcription system or . . . they said you could type." (Vossberg Dep. 64, ECF No. 24-1.) In sum, then, the admissible record evidence shows that Vossberg would be able to make medical records as an employee, notwithstanding his inability to use electronic transcription software: he could continue to use his preferred method of human transcription, or he could type.

---

³ A widespread electronic transcription software requirement would be strange—while electronic medical records are incentivized by law, 42 U.S.C. § 1395w-4(0)(2), there is no reason for a hospital to prefer electronic transcription software over any equally effective method, like direct typing.

### IV. Conclusion

Despite Vossberg's inability to use electronic transcription software, he remains able to perform his "principal dut[y]" of creating medical records, whether in private practice or as an employee. He is therefore not "partially disabled" under his policy with Northwestern, and so Northwestern has not breached its contract by refusing to pay benefits.

Northwestern's Motion for Summary Judgment, (ECF No. 22), is **granted** as to Vossberg's breach of contract claim. And Vossberg has withdrawn his breach of good faith and fair dealing claim, (Pl.'s Resp. 3 n.1, ECF No. 29), so no claims remain.

Final judgment shall issue separately, and the clerk is directed to close the case.

**SO ORDERED.**

Date: 01/12/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew F. Marquis
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
amarquis@scopelitis.com

Peter Raymond Wickard
Scopelitis, Garvin, Light, Hanson & Feary
pwickard@scopelitis.com

Alan D. Wilson
alandwilsonlaw@gmail.com